

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00126-CR

MORRIS MITCHELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 23F1030-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Morris Dale Mitchell pled guilty to family violence assault, with a previous conviction for assault family violence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b). The trial court sentenced Mitchell to ten years' imprisonment with a $500.00 fine, but, pursuant to Mitchell's plea bargain with the State, it suspended the sentence in favor of placing him on community supervision for five years. Later, the State alleged that Mitchell committed other crimes while on community supervision and moved to revoke it. After the trial court found the State's allegations true, the trial court revoked Mitchell's community supervision and imposed its originally assessed sentence. Mitchell appeals.

Mitchell's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California. Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 20, 2026, counsel mailed to Mitchell copies of the brief, the motion to withdraw, and a motion for pro se access to the appellate record lacking only Mitchell's

2

signature. Mitchell was informed of his rights to review the record and file a pro se response. On January 20, we informed Mitchell that his pro se motion for access to the appellate record was due on or before February 4. By letter dated February 18, this Court informed Mitchell that the case would be set for submission on March 11. We received neither a pro se response from Mitchell nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[1]

> Scott E. Stevens
> Chief Justice

Date Submitted: March 11, 2026
Date Decided: March 31, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.